IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Melissa R.,

Plaintiff,

v.

Case No. 2:25-cv-923
Judge James L. Graham
Magistrate Judge S. Court M. Shimeall

Frank Bisignano, Commissioner
of Social Security,

Defendant.

Opinion and Order

Plaintiff Melissa R. brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Plaintiff had been determined to be disabled from November 7, 2020 through February 28, 2022. Upon consideration of whether Plaintiff continued to be disabled beginning March 1, 2022, an Administrative Law Judge (ALJ) found that she was not because of medical improvement.

Plaintiff's Statement of Errors was referred to the Magistrate Judge pursuant to 28 U.S.C. §636(b) for a Report and Recommendation, which was issued on July 16, 2026. The Magistrate Judge recommended that the Commissioner of Social Security's decision denying benefits be affirmed. This matter is now before the Court on Plaintiff's objection to the Report and Recommendation.

**I.**

The ALJ conducted an eight-step evaluation of whether Plaintiff continued to be disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 404.1594(a). Relevant here, the ALJ found that Plaintiff was engaged in substantial gainful activity (that is, was employed) from March 1, 2022 through December 31, 2022 and during 2023. *See* Doc. 8-2 at PAGEID 58. The ALJ also found that Plaintiff had the following severe impairments from March 1, 2022, through the date of decision: inflammatory arthritis; Sjogren's syndrome; Reynaud's syndrome; peripheral neuropathy; postural orthostatic tachycardia syndrome (POTS); undifferentiated connective tissue disease; osteoporosis; complex regional pain syndrome in the left lower extremity; fracture to the right foot and right toes; right femur stress fracture with surgical repair; fracture to the left knee cap with surgical fixation; left ankle fracture; obesity; and a depressive disorder. *See id.* at PAGEID 59.

The ALJ further found that medical improvement occurred as of March 1, 2022. *See id.* at PAGEID 62. The medical improvement related to Plaintiff's ability to work because there was an increase in Plaintiff's residual functional capacity (RFC). *See id.* at PAGEID 64. The ALJ determined that Plaintiff has following RFC:

> [Plaintiff] has had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except [Plaintiff] could occasionally operate foot controls. She could occasionally climb ramps and stairs, but should avoid climbing ladders, ropes, and scaffolds. [Plaintiff] could occasionally stoop, kneel, crouch, and crawl. She could tolerate occasional exposure to extreme heat and cold. [Plaintiff] should avoid exposure to unprotected heights and should avoid exposure to machinery. [Plaintiff] could understand, remember, and carry out simple tasks and instructions without strict production quotas or fast paced work, such as on an assembly line.

*Id.* Based on this RFC, the ALJ determined that Plaintiff was unable to perform her past relevant work but that she was still able to perform jobs that exist in significant numbers in the national economy, including inspector, sorter, and bench assembler. *See id.* at PAGEID 76–77. The ALJ concluded that Plaintiff's disability ended March 1, 2022 and that she has not since become disabled. *See id.* at PAGEID 78. The Appeals Council denied Plaintiff's request for review.

**II.**

Plaintiff asserted a single assignment of error, which was that the ALJ erred in finding that she was engaged in substantial gainful activity from March 1, 2022, through December 31, 2022, and during 2023. Plaintiff's argument focused on the accommodations which her employer proposed in order to enable her to work. She contended the accommodations created a sheltered work environment and, in turn, disqualified her employment from constituting substantial gainful activity. *See Boyes v. Sec'y of Health & Hum. Servs*, 46 F.3d 510, 512 (6th Cir. 1994) ("If, however, a claimant's impairments prevent [her] from doing 'ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work,' it may be sufficient to show that the claimant is not working at the substantial gainful activity level.") (quoting 20 C.F.R. § 404.1573(b))); *Hunt v. Comm'r of Soc. Sec.*, No. 1:25-CV-01022, 2026 WL 83959, at *5 (N.D. Ohio Jan. 12, 2026) ("[W]hen work is done under special conditions, an ALJ 'may find that it does not show that you have the ability to do substantial gainful activity.'") (quoting 20 C.F.R. § 404.1573(c))).

In his Report and Recommendation, the Magistrate Judge noted that a rebuttable presumption applies that Plaintiff was engaged in substantial gainful activity during the period in which she worked. *See* Doc. 18 at PAGEID 3105. The Magistrate Judge found the ALJ's finding that Plaintiff had not

rebutted the presumption was supported by substantial evidence. Plaintiff had relied on a letter from her employer purporting to outline her accommodations. However, the ALJ found, and the Magistrate Judge agreed, that the letter was too generalized to rebut the presumption:

> Plaintiff's employer statement is "largely generalized without specific notation of [Plaintiff's] exact accommodations and how such accommodations were different than those being provided to the claimant's peer employees," and thus is insufficient to rebut the presumption of substantial gainful activity. . . . The employer statement is forward-looking and describes accommodations the employer "will" put in place for Plaintiff, but it includes no details about whether and how such accommodations were actually implemented in Plaintiff's work. When the ALJ noted the generic nature of Plaintiff's employer statement at the hearing, Plaintiff responded that she had provided her boss's phone number and that "he would tell [the ALJ] how it was." . . . However, "it is plaintiff's burden at step one to rebut the presumption that she is engaged in substantial gainful activity based on her earnings." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)[.]

*Id.* at PAGEID 3108–3109 (citations to record omitted).

The Magistrate Judge additionally found that, aside from the issue of the sheltered work environment, the ALJ's "medical-improvement analysis independently supports the cessation of benefits." *Id.* at PAGEID 3109. The Magistrate Judge reviewed the evidence concerning Plaintiff's medical improvement with respect to her impairments. He found that the ALJ's finding that Plaintiff had improved in a manner which increased her RFC was substantially supported by the evidence.

> Here, the ALJ explained that "[t]he objective evidence and documented medical improvement no longer objectively supports [that the Plaintiff] would need accommodations for off task behavior during the workday, absences from the workplace, or a need to elevate her legs to waist level for two hours per day." . . . The ALJ relied in part on Plaintiff's prior employment to support the ALJ's finding that Plaintiff's medical conditions had improved to the point that she no longer required certain RFC limitations, noting that Plaintiff's "absences from work limitation is no longer objectively supported" because Plaintiff "remained gainfully employed, working in a position exceeding substantial gainful activity during this period of time" and "recurrent absences from the workplace were not objectively documented during this period of time by her employer." . . . Further, the ALJ explained that "the employer provided statement within the record . . . did not support any significant specialized accommodations for the [Plaintiff,] rather the employer confirmed receipt of generalized employer provided accommodation to all employees." . . .
>
> Further, as Plaintiff acknowledges, the ALJ "discussed other evidence including [Plaintiff's] severe impairments" in determining that Plaintiff experienced medical improvement. . . . The ALJ noted that the record "documents no recurrent lower extremity edema, pitting edema, or pervasive swelling, supporting any need for leg elevation." . . . The ALJ further observed that Plaintiff "did not require any noted recovery periods due to medications/treatment," and that Plaintiff was "not noted or

> observed to be distractable during her treatment sessions, she did not exhibit aberrant behaviors or oddities in mannerisms, and there was no assessed cognitive or intellectual deficit during this period of time." . . . The ALJ also reviewed Plaintiff's extensive medical records and concluded that her inflammatory arthritis, Sjogren's syndrome, Raynaud's syndrome, peripheral neuropathy, POTS, connective-tissue disease, osteoporosis, fractures, depression, complex regional pain syndrome, and obesity were generally well controlled with conservative treatment and did not result in worsening functional limitations during the relevant period. . . .

*Id.* at PAGEID 3110–3111 (citations to record omitted).

The Magistrate Judge thus recommended that the Commissioner's decision be affirmed.

**III.**

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

In her objection to the Report and Recommendation, Plaintiff argues that the ALJ and Magistrate Judge erred in their review of the employer-provided letter regarding Plaintiff's workplace accommodations.

This objection fails to demonstrate that a different outcome should be reached with respect to the non-disability finding for the period beginning March 1, 2022. Even if Plaintiff worked in a sheltered work environment, her medical improvement was an independent basis for finding that her residual functional capacity for basic work activities had increased. The Magistrate Judge thoroughly explained this point:

> As an initial matter, the Undersigned notes that the ALJ did not find that Plaintiff's disability ceased based solely on her earnings or work activity. The ALJ explained that "[s]ince March 1, 2022," when the ALJ found Plaintiff had returned to substantial gainful activity, "there has been a continuous 12-month period[] during which the claimant did not engage in substantial gainful activity"—and therefore, according to the ALJ, "[t]he remaining findings address the period(s) the claimant did not engage in substantial gainful activity." . . . The ALJ then proceeded through the medical-improvement analysis and found that Plaintiff's disability ceased as of March 1, 2022, due to medical improvement related to her ability to work. (See ECF No. 8-2, PAGEID #: 58 (explaining that the ALJ's basis for finding Plaintiff not disabled "is upon medical improvement related to her ability to work and not the assessment of earnings or work activity").) In other words, although the ALJ found that Plaintiff returned to substantial gainful activity for a period of time in 2022 and 2023, the ALJ's ultimate conclusion that Plaintiff's disability had ceased was grounded in her medical improvement and resulting less restrictive RFC. . . . In reaching that conclusion, though the ALJ considered Plaintiff's ability to return to substantial gainful activity as

> evidence of Plaintiff's medical improvement related to work, this fact was not dispositive of the ALJ's determination that she was no longer disabled.

*Id.* at PAGEID 3104–3105 (select citations to record omitted).

The finding of medical improvement itself was sufficient ground for increasing the RFC and, ultimately, terminating benefits. *See* 20 C.F.R. § 404.1594(b)(3), (b)(4)(i). Plaintiff's objection does not challenge that finding. At most, she suggests the ALJ's determination that Plaintiff had engaged in substantially gainful activity directly resulted in the finding of medical improvement. The Court disagrees for the reasons stated by the Magistrate Judge. It is true that the ALJ's finding of medical improvement did reference Plaintiff's employer-provided letter. But the analysis did not hinge on a rejection of the letter. It instead related to the fact that, regardless of whether the letter supported an absences accommodation, Plaintiff had not put forth evidence documenting she actually used that accommodation during the relevant time period. *See* Doc. 8-2 at PAGEID 62 (further noting that the "the claimant did not require any noted recovery periods due to medications/treatment. Additionally, she was not requiring any frequent emergent treatment on any routine basis resulting in inpatient hospitalization for any extended duration. The claimant did evidence routine medical follow up during this period but not at a frequency or persistence that was abnormal or increased due to objectively documented recurrent condition flares.").

**IV.**

Accordingly, Plaintiff's objections (Doc. 19) are OVERULED and the Court hereby ADOPTS the Report and Recommendation (Doc. 18). Plaintiff's Statement of Errors is thus overruled and the Commissioner's decision is AFFIRMED.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: September 29, 2026